UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SOUTHERN MARSH COLLECTION, LLC**              **CIVIL ACTION**

**VERSUS**                                      **NO. 24-301-SDD-RLB**

**HUNTERMAN'S LLC**

**ORDER**

In its September 17, 2024 Order, this Court *sua sponte* noted the insufficiency of Hunterman's LLC's ("Defendant") allegation of the citizenship of the parties. (R. Doc. 22). While Defendant had properly alleged its own citizenship in its removal, it failed to properly allege the citizenship of Southern Marsh Collection, LLC ("Plaintiff"). (R. Doc. 1). Defendant only wrote, "Plaintiff is a Louisiana LLC whose ultimate owners—Matthew Shahean Valiollahi and Stephen Edward Smith—are domiciled in Louisiana." (R. Doc. 1 at 2). The citizenship of an LLC is determined by its members. Because it did not specify the members of Southern Marsh Collection, LLC, the Court ordered Defendant to revise its notice of removal by October 1, 2024. (R. Doc. 22). This Court also noted the insufficiency of Plaintiff's Fed. R. Civ. P. 7.1 corporate disclosure statement, which did not provide enough information for this Court or Defendant to assess either conflict risks or diversity. (R. Doc. 22).

According to Plaintiff's corporate disclosure statement, Plaintiff is an LLC made up of three members, each of which are made up of sole-member trusts (the "Trusts") organized under the laws of Nevada: (i) SS2017-B Holding, LLC (sole member SS2017-B Trust); (ii) SS2017-G Holdings, LLC (sole member SS2017-G Trust); and (iii) MV2013 Holding, LLC (sole member MV2017 Trust). (R. Doc. 16). The citizenship of the Trusts would be determined by either (1) the citizenship of the Trusts' trustees; or (2) the citizenship of the Trusts' members. (R. Doc. 22).

1

*See Carr v. IF&P Holding Co., LLC,* No. CV 22-480, 2024 WL 2207487, at *5 (E.D. La. May 16, 2024), *report and recommendation adopted*, 2024 WL 3385184 (E.D. La. June 5, 2024).

Over the last two weeks, Defendant has attempted to locate information regarding the citizenship of the Trusts' trustees and members, but to no avail. (R. Doc. 23-2). This Court finds that Defendant has adequately shown that the citizenship information of the Trusts "is not publicly available, or otherwise available through subscription sources commonly used for legal practice." (R. Doc. 23-2 at 3). Thus, Defendant has attempted to meet its burden of specifically setting forth specifics regarding jurisdiction. Defendant has also shown that Plaintiff has not been responsive to Defendant in its search for citizenship information. (R. Doc. 23-2). As Defendant has attempted to meet its burden, and it appears Plaintiff is trying to avoid federal jurisdiction by delaying the release of its citizenship information, this Court will order Plaintiff to comply with its own independent obligation based on the following:

> While the party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction, which historically would have placed the onus of jurisdictional discovery on Plaintiff in this case, the Supreme Court's adoption of Rule 7.1(a)(2) now places an independent obligation on an entity party to provide certain ownership information unilaterally and without regard to a discovery request. Like Rule 26 disclosures, Rule 7.1(a)(2) requires an entity party to provide, without the need for a discovery request from an opposing party, its citizenship information, including the name and citizenship of every individual or entity whose citizenship is attributed to that party.

*Carr,* 2024 WL 2207487, at *3 (citations omitted).

Plaintiff's Fed. R. Civ. P. 7.1 corporate disclosure statement does not provide enough information for this Court to assess its citizenship. (R. Doc. 22). Consequently, Plaintiff has not met its "independent obligation" to provide information sufficient to assess whether diversity jurisdiction exists. *Carr,* 2024 WL 2207487, at *3 (citations omitted). Accordingly.

**IT IS ORDERED** that, within 7 days of the date of this Order, Plaintiff shall identify, within a revised Fed. R. Civ. P. 7.1 corporate disclosure statement, the nature of each of the Trusts, identifying the citizenship of each member for business trusts and the citizenship of the trustee for ordinary trusts. To the extent applicable, Plaintiff shall also identify any other individual or entity whose citizenship is attributable to it.

**IT IS FURTHER ORDERED** that, within 7 days of the date of the filing of Plaintiff's newly revised Fed. R. Civ. P. 7.1 corporate disclosure statement, Defendant shall file an amended notice of removal providing the citizenship of Plaintiff, by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Compliance with Rule 7.1, or in the Alternative, Permit Defendant to Conduct Jurisdictional Discovery (R. Doc. 23) and Defendant's *Ex Parte* Motion for Extension of Time to File Amended Notice of Removal (R. Doc. 26) are **DISMISSED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 3, 2024.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**