# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SOUTHERN MARSH COLLECTION, LLC**                    **CIVIL ACTION**

**VERSUS**                                                                     **NO. 24-301-SDD-RLB**

**HUNTERMAN'S LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 29, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SOUTHERN MARSH COLLECTION, LLC**　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　**NO. 24-301-SDD-RLB**

**HUNTERMAN'S LLC**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court are Southern Marsh Collection, LLC's ("Plaintiff") Motion to Remand (the "Motion") and Hunterman's LLC's ("Defendant") opposition. (R. Docs. 11; 14).

**I.     Background**

On March 6, 2024, Plaintiff's Original Petition was filed against Defendant in the 19th J.D.C. for East Baton Rouge Parish, Louisiana. (R. Doc. 1-1). The case involves a duck logo for which Plaintiff owns a Louisiana Trademark Registration Certificate. (R. Doc. 1-1). Plaintiff alleges Defendant is "marketing, distributing, and selling products in the [U.S.] using a mark that closely resembles [Plaintiff's l]ogo in a manner that is likely to cause consumer confusion." (R. Doc. 1-1 at 4). Plaintiff alleges Defendant is liable for its (i) state trademark infringement under La. R.S. § 51:222, (ii) state trademark dilution under La. R.S. § 51:223.1, and (iii) Louisiana Unfair Trade Practices Act ("LUTPA") violations under La. R.S. § 51:1409. (R. Doc. 1-1).

Under La. R.S. § 51:222, Plaintiff claims it is entitled to (i) "injunctive relief barring [Defendant] from manufacturing, using, displaying, or selling any counterfeits or imitations of [Plaintiff's l]ogo[,]" and (ii) "profits derived from and/or all damages suffered by reasons of Defendant's wrongful manufacture, use, display, or sale of any counterfeits or imitations of [Plaintiff's l]ogo." (R. Doc. 1-1 at 11). Under La. R.S. § 51:223.1, Plaintiff claims it is entitled to "injunctive relief barring [Defendant] from . . . using in commerce a reproduction, counterfeit,

2

copy, or colorable imitation of [Plaintiff's l]ogo in connection with the sale, offering for sale, distribution, or importation of any goods and/or services." (R. Doc. 1-1 at 12). Under La. R.S. § 51:1409, Plaintiff claims entitlement to (i) "damages stemming from the harm to [it]s brand, goodwill, and reputation caused by Defendant's unfair methods of competition and unfair deceptive acts or practices[,]" and (ii) attorneys' fees and costs, injunctive relief, and—if use of the logo continues—treble damages. (R. Doc. 1-1 at 13). Plaintiff "seeks total recovery, inclusive of all sums recoverable herein, of up to but not exceeding $74,000." (R. Doc. 1-1 at 13).

On April 12, 2024, Defendant removed the case to this Court based on both diversity and federal question jurisdiction. (R. Doc. 1). In this initial removal notice, Defendant failed to provide enough information for this Court to determine whether diversity jurisdiction existed. (R. Docs. 1; 22). When asked to file a revised notice of removal, Defendant explained Plaintiff would not provide it with information regarding its citizenship, and this Court ordered Plaintiff to file a revised disclosure statement. (R. Docs. 23; 27; 28). After Plaintiff filed a revised disclosure statement, Defendant properly revised its notice of removal. (R. Docs. 29; 30). Defendant argues diversity jurisdiction exists because the parties are diverse, the amount in controversy exceeds $75,000, and Plaintiff did not renounce its ability to recover more than $75,000. (R. Doc. 30). Defendant also argues federal question jurisdiction exists because (i) the Louisiana trademark claims "are federal in nature as they implicate federal trademark rights[,]" and (ii) the LUTPA claim is "preempted by §[ ]301(a) of the Copyright Act[.]" (R. Doc. 30 at 6).

On May 7, 2024, Plaintiff filed the Motion to Remand, arguing the case should be remanded because (i) Defendant did not detail the citizenship of Plaintiff's members in its first notice of removal, (ii) the Original Petition states Plaintiff is seeking sums "not exceeding $74,000[,]" and (iii) the trademark and unfair trade practices claims are purely based on state

3

law. (R. Docs. 11; 11-1). Defendant responded by (i) echoing its removal argument that it is facially apparent the amount in controversy exceeds $75,000, (ii) contending Plaintiff has not affirmatively waived its right to collect damages of more than $75,000, (iii) arguing the trademark claims are subject to federal jurisdiction because Plaintiff seeks nationwide relief, and (iv) arguing the LUTPA claim is preempted by the Copyright Act because "Plaintiff fails to plead the necessary elements of 'fraud' or 'deceit' which distinguish a LUTPA claim from a Copyright Act claim." (R. Doc. 14).

**II.    Law and Analysis**

Federal jurisdiction exists in two forms: (i) diversity of citizenship and (ii) federal question. 28 U.S.C. § 1441. For federal jurisdiction to exist based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. Federal question jurisdiction exists when a plaintiff pleads at least "one federal claim." *Oliver v. Lewis,* 891 F. Supp. 2d 839, 843 (S.D. Tex. 2012). This Court finds diversity jurisdiction exists, and will therefore refrain from deciding at this time whether federal question jurisdiction exists.

**A.    The Amount in Controversy**

In the Petition, Plaintiff "seeks total recovery, inclusive of all sums recoverable herein, of up to but not exceeding $74,000." (R. Doc. 1-1 at 13). This statement alone demonstrates that the amount in controversy is at least $74,000. *See De Aguilar v. Boeing Co.,* 47 F. 3d 1404, 1408 (5th Cir. 1995), *superseded by amendment on other grounds*, Tex. R. Civ. P. 47 (where petition sought no recovery in excess of $50,000—the highest available under the then jurisdictional minimum—in state where plaintiffs may not plead specific damages, Fifth Circuit treated the claim as one for specific damages of at least $50,000); *see also Gutierrez v. Swift Transp. Co.,*

No. EP-10-CV-406-KC, 2011 WL 318294, at *3 (W.D. Tex. Jan. 28, 2011) (citations omitted) ("Courts in the Fifth Circuit have treated requests for damages such as that made by Plaintiff for a sum 'not in excess' of a specified amount just below the jurisdictional minimum as either a request for that specific sum . . . or as a nullity."). This Court has held, however, that even where a plaintiff seeks to limit its damages by pleading that they do not exceed $75,000.00, "such allegation is not sufficient to constitute a binding stipulation demonstrating, to a legal certainty, that [the plaintiff] will not be able to recover in excess of that amount in this suit." *Woolie v. Liberty Mut. Fire Ins. Co.,* No. CV 10-140-B-M2, 2010 WL 11602015, at *2 (M.D. La. Apr. 30, 2010). "To constitute a binding stipulation, such allegation would have to not only indicate that [the plaintiff] believes [its] damages to be less than $75,000.00 but [also] renounce[s its] right to recover in excess of $75,000.00 in th[e] lawsuit." *Id* (citation omitted). As Plaintiff provides no such stipulation, the Court returns to the Original Petition and the Motion. (R. Docs. 1-1; 11-1).

Defendant argues it is facially apparent Plaintiff's claims are worth more than $75,000, considering Plaintiff's jury demand, injunction request, treble damage request, and request for attorney's fees. (R. Docs. 1-1; 14; 30). While Plaintiff states its request for $74,000 included treble damages and attorney's fees, Plaintiff does not include any value for any injunctive relief sought. (R. Doc. 11-1 at 6). "The amount in controversy, in an action for . . . injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg,* 134 F. 3d 1250, 1252-53 (5th Cir. 1998) (citations omitted).

The Original Petition plainly states that "[i]n addition to seeking monetary damages of up to $74,000, [Plaintiff] is also entitled to preliminary and permanent injunctive relief." (R. Doc. 1-1 at 10). Thus, if only using Plaintiff's representations, the value of any injunction need only reach be $1,000.01 in order to meet the controversy amount of 28 U.S.C. § 1332.

5

Plaintiff's injunction would require Defendant to cease its nationwide sales of products bearing its duck logo. (R. Doc. 1-1). "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg,* 134 F. 3d 1250, 1252-53 (5th Cir. 1998) (citation omitted); *see Chocolate Prescription, LLC v. Nimbor Inc.,* No. 3:12-CV-3580-B, 2013 WL 1187276, at *3 (N.D. Tex. Mar. 21, 2013) (citation omitted) (where "injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the *plaintiff* seeks to enforce or protect or the value of the object which is the subject matter of the suit."). "[E]vidence of the price for [the good being sold] or of the amount that would be implicated if Defendant were enjoined from selling the product and/or its related accessories" can reveal the value of an injunction. *Hot-Hed, Inc. v. Safe House Habitats, Ltd.,* No. CIV. A. H-06-1509, 2007 WL 556862, at *1 (S.D. Tex. Feb. 12, 2007).

Here, the proposed injunction's value is best shown by Defendant's average sales. The sworn declaration by Defendant's sole member provides that Defendant made $17,882 in sales in its three years of operation. (R. Docs. 7-2; 11-1; 14). Out of the $17,882 in sales made, $9,669 was made by sales in 2023. (R. Doc. 7-2). Plaintiff seeks an injunction that would, among other things, stop Defendant from making any future sales using its current logo. (R. Doc. 1-1). Although the sales skewed upward in 2023, Defendant's averaged sale revenue is approximately $5,960.66 per year. Just one year of Defendant's sales is worth more than $1,000.01. Accordingly, the value of the proposed injunctions push the amount-in-controversy beyond $75,000. *Bosky v. Kroger Texas, LP,* 288 F. 3d 208, 210 (5th Cir. 2002) (citation omitted) ("specific damage estimates that are less than the minimum jurisdictional amount, when

combined with other unspecified damage claims, can provide sufficient notice that an action is removable"). The amount in controversy requirement is satisfied.

B.     **Citizenship of the Parties**

According to the Second Amended Notice of Removal and Plaintiff's Supplemental Rule 7.1(a)(2) Disclosure Statement, Defendant's citizenship is Virginia, while Plaintiff's citizenship is Puerto Rico. (R. Docs. 29; 30). Defendant is a Virginia LLC whose sole member, Hunter Foster, is domiciled in Virginia. (R. Doc. 29). Accordingly, Hunterman's is a citizen of Virginia. *Harvey v. Grey Wolf Drilling Co.,* 542 F. 3d 1077, 1080 (5th Cir. 2008). Plaintiff is an LLC made up of three members that are made up of trusts: (i) SS2017-B Holding, LLC (sole member SS2017-B Trust), (ii) SS2017-G Holdings, LLC (sole member SS2017-G Trust), and (iii) MV2013 Holding, LLC (sole member MV2017 Trust). (R. Docs. 29; 30). SS2017-B Trust and SS2017-G's sole beneficiary is Stephen Smith, a Puerto Rico citizen. (R. Docs. 29; 30). MV2017 Trust's sole beneficiary is Matthew Valiollahi, also a Puerto Rico citizen. (R. Docs. 29; 30).

"When a trustee is sued [or sues] in its capacity as the trustee of a trust, the citizenship of the trustee controls for purposes of determining diversity jurisdiction." *Marshall v. Wilmington Tr., Nat'l Ass'n as Tr. for MRFA Tr. 2015-1,* No. 6:18-CV-00579-JDK, 2018 WL 6977702, at *1 (E.D. Tex. Dec. 18, 2018), *report and recommendation adopted,* No. 6:18-CV-00579-JDK, 2019 WL 118021 (E.D. Tex. Jan. 4, 2019) (citation omitted). When a trust acts in its own capacity, the trust "possesses the citizenship of all its members [(beneficiaries)]." *Deutsche Bank Nat'l Tr. Co. as Tr. for Long Beach Mortg. Loan Tr. 2005-WL1 v. Friend,* No. 3:20-CV-00005-S-BT, 2020 WL 5350449, at *2 (N.D. Tex. Aug. 10, 2020), *report and rec. adopted,* No. 3:20-CV-00005-S-BT, 2020 WL 5332904 (N.D. Tex. Sept. 3, 2020) (citation omitted). Plaintiff's Petition gives no indication that a trustee brought the action. (R. Docs. 1-1; 29; 30). Thus, the citizenship of the

7

three trusts is based on the citizenship of their beneficiaries. *Id.* Because the beneficiaries for the trusts are Puerto Rico citizens, the trusts and the LLC's they make up are citizens of Puerto Rico. *Id*; *Harvey,* 542 F. 3d at 1080. As Defendant is a Virginia citizen, diversity jurisdiction exists.

### III.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion (R. Doc. 11) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 29, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**